ORIGINAL

FILED
06 OCT -5 AM 10: 31
CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Received in Chambers
OCT 0 4 2006
Hon. William McCurine, Jr.

James L. Poth (Cal. Bar No. 185042)
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614-8505
Telephone: 949-553-7586
Facsimile: 949-553-7539
Email: jlpoth@jonesday.com

Hugh R. Whiting
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Telephone: 832-239-3939
Facsimile: 832-239-3600
Email: hrwhiting@jonesday.com

Harold P. Weinberger
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9120
Facsimile: 212-715-9518
Email: hweinberger@kramerlevin.com

Counsel for Defendant
THE PROCTER & GAMBLE COMPANY

Jason S. Hartley, Esq. (Cal. Bar No. 192514)
Malte L. Farnaes, Esq. (Cal. Bar No. 222608)
ROSS, DIXON & BELL LLP
550 West B Street, Suite 400
San Diego, California 92101-3599
Telephone: 619 235-4040
Facsimile: 619 231-8796

Counsel for Plaintiff
TUYET TRAN GONZALEZ

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TUYET TRAN GONZALEZ,

Plaintiff,

v.

THE PROCTER & GAMBLE COMPANY,

Defendant.

Case No. 06-CV-0869H (WMc)

**STIPULATION TO PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION AND ORDER**

06CV0869

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to the above-captioned matter, through their respective counsel, hereby stipulate to the entry of a protective order pursuant to the terms set forth below. The parties stipulate that there exists good cause for entering this Order that shall govern the handling of all documents, testimony or other information, including all copies, excerpts, and summaries thereof (collectively, "Material"), given or filed during discovery or any other proceeding in the above-captioned action (the "action") as follows:

1. Any and all Material produced in discovery in this case shall be used solely for purposes of prosecution and defense of the litigation, and for no other purpose. Either party, or any third party subject to discovery demands in this action, may designate as "Confidential" any Material it produces in the course of discovery or other proceedings when that party in good faith believes that the Material (i) is not in the public domain (i.e., not generally known and not ascertainable by proper means), and (ii) contains any trade secret or other confidential or proprietary personnel, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(7) ("Confidential Material").

2. Confidential Material shall not be disclosed to any persons, except the following, who shall treat such information in accordance with the terms of this Order:

(a) the Court and its officers, and any court reporters employed in this action;

(b) outside counsel of record in this action and any legal assistants or other employees of counsel working with them in this action;

(c) third-party experts engaged by counsel or the parties to assist and/or testify in this action, provided that each such person signs a confidentiality undertaking in the form of Exhibit A hereto, a copy of which undertaking shall be delivered to the producing party prior to the disclosure of any Confidential Material to such person.

3. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing a "Confidential" stamp, or other equivalent designation, on each page of any such document prior to production.

   (b) In the case of depositions, designation of the portion of the transcript (including exhibits) shall be made either orally at the deposition or by giving written notice of such designation within five (5) business days after the designating party receives a copy of the transcript, during which five (5) business day period the parties shall treat the transcript as Confidential Material. If the designation is made during the deposition, the court reporter recording such deposition shall bind the transcript in separate portions containing the non-confidential Material and Confidential Material, and the reporter shall place the appropriate legend on the cover of the portions of the transcript that contain Confidential Material.

4. No Confidential Material shall be filed in the public record of this action. All Material so designated in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such Material, shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court. Where possible, only those portions of the filings with the Court that contain or refer to Confidential Material shall be filed under seal. To facilitate compliance with this Order by the Clerk's office, Material filed under the designation "Confidential" shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

5. If a party wishes to disclose "Confidential" Material produced by the opposing party to anyone under paragraph 2(c) of this Order, the party seeking to disclose the Confidential Material shall advise opposing counsel by telephone of the name of such person. If opposing counsel objects to the production of the Confidential Material to such person, the parties will seek a telephone conference with the Court for the purpose of the Court ruling on the question of disclosure.

6. A party shall not be obliged to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge

thereto. In the event a party objects to the designation of any Material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the Material, after giving notice to the party that designated the Material, the objecting party may apply to the Court for a ruling that the Material shall not be so designated. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made, the Material will retain its designation. Any documents or other Materials that have been designated Confidential shall be treated as so designated until such time as the Court rules that such Materials should not be treated as Confidential.

7. All Material produced in this action, including all Confidential Material, shall be used only for the purposes of this action and not for any business, competitive, personal, or other purpose.

8. A party who receives a subpoena or other request for production or disclosure of Confidential Material from any third party shall give prompt written notice to the designating party to enable the designating party to take such action as it deems appropriate to protect the confidential status of the Material. The party in receipt of such subpoena or other request shall not oppose the action taken by the designating party.

9. Within sixty (60) days after the termination of this action, counsel shall (i) destroy all Confidential Material and shall provide written certification of such destruction to the producing party, or (ii) return all such Confidential Material to counsel for the producing party. Counsel may, however, retain copies of any deposition and trial transcripts, and any deposition and trial exhibits, which shall continue, to the extent applicable, to be treated as Confidential under the terms of this Order.

10. The parties agree that the inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected from disclosure pursuant to the attorney-client privilege, the work product privilege, or any other relevant privilege, and that no party shall be held to have waived any rights by such inadvertent production. If any such document is inadvertently produced, the recipient of

the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege. Moreover, the production or disclosure pursuant to the terms of this Protective Order of some Confidential Material by a producing person shall not waive or prejudice the right of that person to object to the production or disclosure of other documents or information in this or any other action.

11. The provisions of the Protective Order shall not apply to any Material designated as Confidential at the time of production but which

(a) was, is, or becomes public knowledge, not in violation of this Protective Order,

(b) is lawfully acquired by the non-designating party from a third party having the right to have possession of and the right to disclose such material; provided, however, this provision shall not be applicable to Material produced in discovery by third-parties in this action, any such third party having the right, after consultation with the affected party or otherwise, to designate Materials as Confidential in accordance with this Order.

(c) was lawfully possessed by the non-designating party prior to entry by the Court of this Protective Order;

(d) the producing party subsequently agrees in writing is not Confidential.

12. This Order is subject to further Court order based upon public policy or other reasons and may be modified *sua sponte* in the interests of justice.

Dated: October 2, 2006

Respectfully submitted,
JONES DAY

By: ____________________
James L. Poth

Attorneys for Defendant
THE PROCTER & GAMBLE COMPANY

Dated:October 2, 2006

Respectfully submitted,
ROSS DIXON & BELL LLP

By: ____________________
Jason Hartley

Attorneys for Plaintiff
TUYET TRAN GONZALEZ

**It Is So Ordered:**

Dated: Oct 4, 2006

____________________
Hon. William McCurine, Jr.
U.S. Magistrate Judge

**EXHIBIT A**

James L. Poth (Cal. Bar No. 185042)
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614-8505
Telephone: 949-553-7586
Facsimile: 949-553-7539
Email: jlpoth@jonesday.com

Hugh R. Whiting
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Telephone: 832-239-3939
Facsimile: 832-239-3600
Email: hrwhiting@jonesday.com

Harold P. Weinberger
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9120
Facsimile: 212-715-9518
Email: hweinberger@kramerlevin.com

Counsel for Defendant
THE PROCTER & GAMBLE COMPANY

Jason S. Hartley, Esq. (Cal. Bar No. 192514)
Malte L. Farnaes, Esq. (Cal. Bar No. 222608)
ROSS, DIXON & BELL LLP
550 West B Street, Suite 400
San Diego, California 92101-3599
Telephone: 619 235-4040
Facsimile: 619 231-8796

Counsel for Plaintiff
TUYET TRAN GONZALEZ

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TUYET TRAN GONZALEZ,<br>Plaintiff,<br>v.<br>THE PROCTER & GAMBLE COMPANY,<br>Defendant. | Case No. 06-CV-0869H (WMc)<br><br>**CONFIDENTIALITY UNDERTAKING** |

**EXHIBIT A**

I have read and reviewed in its entirety the annexed Protective Order dated September 22, 2006 that has been signed and entered in the action entitled *Tuyet Tran Gonzalez v. The Procter & Gamble Company*, Case No. 06-CV-0869H (WMc).

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any Confidential Material or any information contained therein that I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order. I understand that Confidential Material is to be used solely for the prosecution and defense of the captioned case and for no other purpose.

I agree to submit to the personal jurisdiction of the United States District Court, Southern District of California, with respect to any and all matters concerning the Protective Order, including but not limited to matters concerning disputes, enforcement, and violations thereof.

Dated: _______________

_______________________________________