1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TUYET TRAN GONZALEZ,

Plaintiff,

vs.

PROCTOR AND GAMBLE COMPANY,
an Ohio corporation,

Defendant.

CASE NO. 06cv869 WQH (WMC)

**ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY CLASS**

(Docs. # 51 & 70.)

HAYES, Judge:

The matters before the Court are Plaintiff's "Motion for Class Certification" (Doc. # 51) and Defendant's "Application for Leave to File Sur-Reply in Opposition to Plaintiff's Motion for Class Certification" ("Application for Leave to File Sur-Reply") (Doc. # 70).

**I.      Background**

On September 20, 2006, Plaintiff Tuyet Tran Gonzalez filed a Second Amended Complaint ("SAC") against Defendant Proctor and Gamble Company alleging the following claims: violations of California's Unfair Competition Law ("UCL"), section 17200 et seq. of California's Business and Professions Code; violations of California's False Advertising Law ("FAL"), section 17500 et seq. of California's Business and Professions Code; negligent

misrepresentation; intentional misrepresentation; breach of express warranty; breach of implied warranty of merchantability; breach of implied warranty of fitness for purpose; and violations of California's Consumer Legal Remedies Act ("CLRA"), section 1750 et seq. of California's Civil Code. (Doc. # 30.)

Plaintiff alleges that in or around 2002-2005, she purchased Pantene Pro-V hair products at a variety of locations in San Diego, California because she was exposed to representations by Defendant that they were effective products for strengthening hair. (SAC ¶ 2.) She allegedly relied on representations on Pantene Pro-V packaging and in Defendant's other marketing efforts. (*Id.*) Plaintiff alleges that representations made by Defendant on Pantene Pro-V labeling and on television commercials included "try it today and get 99% more strength in one week," and "makes it 10x stronger against breakage . . . guaranteed." (*Id.* ¶¶ 3-4.) After using the products as directed for some time, Plaintiff formed the opinion that the products had no strengthening effect. (*Id.* ¶ 2.)

Plaintiff alleges that many published statements regarding hair strengthening qualities of Pantene Pro-V do not single out a particular product in the Pantene Pro-V product line. (*Id.* ¶ 6.) Rather, Plaintiff alleges, Defendant's advertising and marketing campaign led Plaintiff to believe that all Pantene Pro-V products could strengthen hair. (*Id.* ¶¶ 6-7.) Plaintiff alleges that Defendant's claims regarding Pantene Pro-V were false and made to fraudulently manipulate Plaintiff and other consumers into choosing Defendant's hair products. (*Id.* ¶ 8.)

On March 12, 2007, Plaintiff filed the Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23, moving for an order certifying a class of "all persons and entities who purchased in California Pantene Pro-V hair products that were the subject of hair-strengthening claims, which products were manufactured, distributed, or sold by Defendant between the dates of January 20, 2002 and the present." (Doc. # 51 at 1.)

On June 18, 2007, after receiving briefing and evidence from each party, the Court

06cv869

1   (Huff, Judge) conducted oral argument on the Motion for Class Certification.[1]  On June 22,

2   2007, Defendant filed the Application for Leave to File Sur-Reply (Doc. # 70), which was

3   opposed by Plaintiff (Doc. # 72).

4   **II.**     **Discussion**

5            **A.**     **Legal Standards for Class Certification**

6            According to Federal Rule of Civil Procedure 23(a), a district court may certify a class

7   so that representative parties may sue on behalf of all members only if "(1) the class is so

8   numerous that joinder of all members is impracticable, (2) there are questions of law or fact

9   common to the class, (3) the claims or defenses of the representative parties are typical of the

10  claims or defenses of the class, and (4) the representative parties will fairly and adequately

11  protect the interests of the class." Fed. R. Civ. P. 23(a).  These requirements are commonly

12  referred to as numerosity, commonality, typicality, and adequate representation.  *See, e.g.*,

13  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

14           In addition to demonstrating that the requirements of Rule 23(a) are met, a plaintiff must

15  establish one or more of the requirements of Rule 23(b), which are as follows: there is a risk

16  of prejudice from separate actions establishing incompatible standards of conduct; judgments

17  in individual lawsuits would adversely affect the rights of other members of the class; the party

18  opposing the class has acted (or refused to act) in a manner applicable to the class generally,

19  thereby making injunctive or declaratory relief appropriate with respect to the class as a whole;

20  or the questions of law or fact common to the class predominate over questions affecting the

21  individual members and, on balance, a class action is superior to other methods available for

22  adjudicating the controversy.  *See* Fed. R. Civ. P. 23(b)(1)-(3).

23           "As the party seeking class certification, [plaintiff] bears the burden of demonstrating

24  that she has met each of the four requirements of Rule 23(a) and at least one of the

25  requirements of Rule 23(b)." *Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1186 (9th Cir.

26  2001) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  In analyzing

27  _____

28         [1]  On June 19, 2007, this case was transferred to this Court.  (Doc. # 69.)  This Court has reviewed the entire record, including the transcript of the June 18, 2007 oral argument before Judge Huff.  (Doc. # 71.)

whether a plaintiff has met her burden to show that the above requirements are satisfied, a court must "analyze[] the allegations of the complaint and the other material before [the court] (material sufficient to form reasonable judgment on each [Rule 23] requirement)." *Blackie v. Barrack*, 524 F.2d 891, 900-01 (9th Cir. 1975) (noting further that a court is to take the substantive allegations in the complaint as true); *see also Hanon*, 976 F.2d at 509 (finding that the court may consider evidence to ascertain whether Rule 23 has been met, even though the evidence relates to the merits); *Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229, 233 (C.D. Cal. 2006) ("[B]ecause 'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action,' a court must often look behind the pleadings 'to evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a).'") (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (citations and internal quotation marks omitted)). A court should not conduct a hearing on the merits of the plaintiffs' claims when determining class certification, *see Valentino*, 97 F.3d at 1232, although the issue of certification "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978). In summary, "notwithstanding its obligation to take the allegations in the complaint as true, the Court is at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." *In re Unioil Secs. Litig.*, 107 F.R.D. 615, 618 (C.D. Cal. 1985).

A district court is granted "broad discretion" to determine whether the Rule 23 requirements have been met. *Zinser*, 253 F.3d at 1186; *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 461 (9th Cir. 2000) ("The district court's decision certifying the class is subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion.") (quotations omitted).

**B.    Rule 23(a)**

Rule 23(a)(3) provides that the "claims or defenses of the class representative must be typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[A] class

06cv869

1   representative must be part of the class and possess the same interest and suffer the same injury
2   as the class members." *Gen. Tel. Co. of Sw.*, 457 U.S. at 156 (quotation omitted).
3   "[R]epresentative claims are 'typical' if they are reasonably coextensive with those of absent
4   class members, they need not be substantially identical." *Dukes v. Wal-Mart, Inc.*, 474 F.3d
5   1214, 1232 (9th Cir. 2007) (quotation omitted). "The test of typicality is whether other
6   members of the proposed class have the same or similar injuries, whether the action is based
7   on conduct which is not unique to the named plaintiffs, and whether other class members have
8   been injured by the same conduct." *Id.* (quotation omitted). "Although the commonality and
9   typicality requirements for class actions tend to merge, each factor serves a discrete purpose.
10  Commonality examines the relationship of facts and legal issues common to class members,
11  while typicality focuses on the relationship of facts and issues between the class and its
12  representatives." *Id.* at 1232 n.10 (quotation and citation omitted).

13      Plaintiff argues that the typicality requirement is satisfied because the named Plaintiff
14  and the proposed class crème members all purchased Pantene Pro-V products that were the subject
15  of Defendant's allegedly false hair strengthening claims. Plaintiff submits evidence that at
16  least 28 of Defendant's products were specific subjects of allegedly false hair strengthening
17  claims.[2] (Hartley Decl. ¶ 2.)

18      The only Pantene Pro-V brand product Plaintiff purchased was Pantene Pro-V 2 in 1
19  shampoo plus conditioner for normal hair. (Poth Decl., Ex. X, at 36.) This is not one of the
20  28 products identified in Plaintiff's evidence. (Hartley Decl. ¶ 2.) Defendant also presents
21  evidence that during the proposed class period, Defendant "has not advertised that product
22  [i.e., Pantene Pro-V 2 in 1 shampoo plus conditioner for normal hair] with any of the 'strength
23  against damage' or 'strength against breakage' claims." (Klugherz Decl. ¶ 27.)

24
25      [2] The 28 products identified by Plaintiff are: Daily Moisture Renewal Shampoo, Conditioner, and 2 in 1; Daily Renewal Treatment; Intensive Hot Creme Treatment; Ultimate Finish Protecting Crème; Overnight Repair Intensive Treatment; Intensive Restoration Treatment; Breakage Defense Shampoo, Conditioner, Strengthening Lotion, Detangling Leave-In Creme, and Strengthening Spray; Full & Thick Shampoo, Conditioner, and 2 in 1; Smooth & Sleek Shampoo, Conditioner, and 2 in 1; Relaxed and Natural Breakage Defense Shampoo, Conditioner, and Deep Conditioning Mask; Relaxed and Natural Intensive Moisturizing Shampoo, Conditioner, Anti Dandruff Shampoo, Daily Oil Cream Moisturizer, Wrap & Set Lotion, and Intensive Oil Sheen Spray. (Hartley Decl. ¶ 2.)

06cv869

The Court finds that Plaintiff's claim is not typical of the entire proposed class because the evidence in the record shows that the product Plaintiff purchased was not the subject of specific hair strengthening claims during the proposed class period. The Court concludes that many, if not most, proposed class members allegedly have been injured by different conduct than that relied upon by Plaintiff–that is many class members purchased one of the 28 products that were specifically the subject of hair strengthening claims, while Plaintiff did not. *See Dukes*, 474 F.3d at 1232 (district court must consider whether the named plaintiff allegedly suffered injury in the same manner that the members of the proposed class did).

Plaintiff argues that Defendant made representations in television commercials and other promotions which indicated that *all* Pantene Pro-V products had hair strengthening qualitites. Plaintiff submits evidence that Defendant has broadcast four television commercials (on unspecified dates) which indicate that the entire Pantene Pro-V line of products has hair strengthening qualities. (Lindner Decl., Ex. A) (transcript of television commercials).) However, it does not appear from the evidence that Plaintiff saw any of these four commercials.[3]

Therefore, given the evidence submitted, the Court finds that Plaintiff allegedly was injured in a manner that is not "typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3).

Furthermore, "a named plaintiff's motion for class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508-09 (9th Cir. 1992) (quotation omitted) ("Because of [the proposed representative]'s unique situation, it is predictable that a major focus of the litigation will be on a defense unique to him. Thus, [the

---

[3] Plaintiff testified in her deposition that she saw a television advertisement for Pantene while in Vietnam which was in Vietnamese and which made hair strengthening claims, and then purchased a bottle of a Pantene Pro-V product while in Saigon. (Gonzalez Dep. at 23.) Once in the United States, she again saw a different television advertisement for Pantene which also made hair strengthening claims and then purchased a bottle of Pantene Pro-V 2 in 1 shampoo plus conditioner for normal hair. (*Id.* at 21, 28.) She testified that, as best as she can recall, the commercials she saw were "specifically for the Pantene Pro-V 2-in-1 Shampoo and Conditioner." (*Id.* at 36.) None of the four commercials which allegedly indicate that all Pantene Pro-V products have hair strengthening qualitites mention "Pantene Pro-V 2-in-1 Shampoo and Conditioner." (Lindner Decl., Ex. A.)

06cv869

proposed representative] fails to satisfy the typicality requirement of Rule 23(a)."); *see also State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1321 (9th Cir. 1997) ("[W]hen named plaintiffs are subject to unique defenses which could skew the focus of the litigation, district courts properly exercise their discretion in denying class certification."). The Court concludes that there is a danger that proposed class members who purchased products which were the subject of specific hair strengthening claims will suffer because Plaintiff is preoccupied with the defense that the hair strengthening representations did not pertain to the specific product she purchased. There also is a danger that Plaintiff will be preoccupied with the defense that Plaintiff–unlike virtually every other class member–"formed [her] belief that . . . Pantene Pro-V would strengthen [her] hair when [she] w[as] in Vietnam." (Gonzalez Dep. at 25.)

For the reasons stated above, the Court finds that Plaintiff has failed to satisfy the Rule 23(a)(3) typicality requirement.

This finding alone requires the Court to deny the Motion for Class Certification. *See Zinser*, 253 F.3d at 1186 ("As the party seeking class certification, [plaintiff] bears the burden of demonstrating that she has met *each* of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).") (emphasis added). For this reason, the Court will not discuss the remaining three Rule 23(a) requirements. However, the Court will discuss the requirements of Rule 23(b).

### C.    Rule 23(b)

In addition to demonstrating that the Rule 23(a) requirements are met, a plaintiff seeking to represent a class must establish one or more of the grounds enumerated in Rule 23(b) to maintain a class action suit. Plaintiff argues that the Court should certify her suit as a class action under both Rule 23(b)(2) and 23(b)(3).

#### 1.    Rule 23(b)(3)

Rule 23(b)(3) allows a district court to certify a class when common questions predominate over any questions affecting only individual members, and when class resolution is superior to other available methods for the fair and efficient adjudication of the controversy.

*See* Fed. R. Civ. P. 23(b)(3).  Rule 23(b)(3) focuses on the relationship between the common and individual issues, testing whether a proposed class is sufficiently cohesive to warrant adjudication by representation.  *See Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).  When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is justification for handling the dispute on a representative rather than on an individual basis.  *See id.*

Plaintiff argues that all of the proposed class members were subjected to the same statements by Defendant regarding the hair strengthening qualitites of Defendant's products, and therefore common questions predominate regarding whether Defendant is liable to Plaintiff and the proposed class for those statements.   Defendant counters that two individualized issues predominate instead: whether individual class members relied upon Defendant's allegedly false representations in making their purchases, and whether individual class members were damaged as a result of the allegedly false representations.  In analyzing these arguments, the Court looks to the elements of Plaintiff's claims.

### a.      Misrepresentation Claims

The elements of intentional misrepresentation under California law are: (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  *See Agosta v. Astor*, 120 Cal. App. 4th 596, 603 (2004).  The elements comprising a cause of action for negligent misrepresentation are the same as for intentional misrepresentation, except there is no requirement of intent to induce reliance.  *See Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004).

The Court find that there are significant individualized issues related to proof of reliance.  The evidence shows that Defendant employed a wide variety of representations in its labeling, television commercials, website promotions, and other promotions as to a wide variety of Pantene Pro-V products.  (Klugherz Decl. ¶¶ 19-33; Exs. A-Q (describing various forms of advertisement for Pantene Pro-V products during the class period); *see also* Compl. ¶¶ 3-5.)  Class members may have relied on different representations, while some may not

1    have relied on, or even have been exposed to, any of the allegedly false representations.

2         Plaintiff directs the Court's attention to California case law suggesting that in some

3    consumer fraud class actions, reliance may be inferred on a class-wide basis.  *See Vasquez v.*

4    *Superior Court*, 4 Cal. 3d 800, 814 (1971).  However, the Ninth Circuit has stated that

5    presumption of reliance typically is only permitted in securities fraud cases, and only in cases

6    based on omissions as opposed to affirmative misrepresentations.  *See Poulos v. Caesars*

7    *World, Inc.*, 379 F.3d 654, 664-68 (9th Cir. 2004).[4]

8         Moreover, even if the Court were inclined to allow a class action suit to be maintained

9    on an inference of reliance theory based upon affirmative misrepresentations, *Vasquez* does

10   not control in this case.  In *Vasquez*, the plaintiffs sought to bring a class action alleging fraud

11   on behalf of a group of consumers who bought merchandise under installment contracts from

12   a meat company.  *See id.* at 805.  The *Vasquez* court determined that the allegedly false

13   representations could establish a class action claim because plaintiffs could demonstrate the

14   same representations were made to each class member by showing that salesmen from the meat

15   company memorized a standard statement containing the allegedly false representations and

16   recited the same by rote to every member of the class, and that the salesmen utilized a defined

17   formula to determine the amount of food a particular family would need.  *See id.* at 811-13.

18   In this case, by contrast, the record shows that the proposed class members received a variety

19   of different representations from Defendant regarding Pantene Pro-V products, some of which

20   made hair strengthening claims and some did not.  (*See* Klugherz Decl. ¶¶ 19-33.)

21        The Court finds that this case is controlled by those California cases that refused to

22

23        [4]   In *Poulos*, the Ninth Circuit upheld the denial of class certification under Rule
     23(b)(3) of a civil Racketeer Influenced and Corrupt Organizations Act action, where the
24   district court determined that individualized reliance issues related to proof of causation
     regarding predicate acts of mail fraud would predominate over common questions. *See Poulos*,
25   379 F.3d at 664-68. The *Poulos* court declined to allow a presumption of reliance, noting that
     "a presumption of reliance typically has been applied in cases involving securities fraud and,
26   even then, the presumption applies only in cases primarily involving 'a failure to disclose'–that
     is, cases based on omissions as opposed to affirmative misrepresentations." *Id.* at 666. Since
27   the proposed class representatives' case did not primarily involve a claim of omission, the
     court declined to allow a presumption of reliance. *See id.* at 666-67. The *Poulos* court also
28   rejected the argument that reliance could be proven through class-wide circumstantial
     evidence, concluding that such an attempt would be just another effort to avoid the necessary
     proof of causation. *See id.* at 667.

certify a class when the plaintiffs could not allege that the same representations were specifically made to each class member, thus preventing the court from permitting an inference of reliance. *See Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 668-69 (1993) (affirming trial court's denial of class certification for action alleging representations that orange juice was "fresh," "premium," "from concentrate," and contained "no additives" because reliance issues would require highly individualized proof); *Osborne v. Subaru of Am., Inc.*, 198 Cal. App. 3d 646, 661 (1988) (declining to apply a class-wide presumption of reliance to a claim of negligent misrepresentation based on the defendants' advertising campaign because plaintiffs failed to show that the same representation was made to each class member: "Unlike [*Vasquez* and another case], plaintiffs here failed to show that representations were made to each class member. There was no basis to draw an inference of classwide reliance without a showing that representations were made uniformly to all members of the class."); *see also Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) ("According to . . . the advisory committee's notes to Rule 23(b)(3) . . . a fraud class action cannot be certified when individual reliance will be an issue."); William Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 10:461, at 10-86 (typicality and predominance are substantial roadblocks to class certification where there are variations in the misrepresentations made to the different class members or in the degree of their reliance).

The Court finds that with respect to Plaintiff's misrepresentation claims, questions common to all members of the proposed class do not predominate over questions affecting only individual members.

### b.    Consumer Legal Remedies Act Claim

The CLRA, Cal. Civ. Code § 1750 et seq., establishes a nonexclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer. *See McAdams v. Monier, Inc.*, 151 Cal. App. 4th 674 (2007). Any consumer who suffers any damage as a result of the use or employment by any person of a

method, act, or practice declared to be unlawful by section 1770 of California's Civil Code[5] may bring an action against that person to recover actual damages, injunctive relief, restitution of property, punitive damages, and any other relief the court deems proper. *See id.* (citing Cal. Civ. Code § 1780(a)).

Plaintiff, relying on *Vasquez*, argues that CLRA claims are subject to class wide proof of liability and reliance without a need for individualized proof. As previously discussed, however, *Vasquez* and its progeny only permit an inference of common reliance when the allegations demonstrate that a single, material misrepresentation was directly made to each class member. *See Vasquez*, 4 Cal. 3d at 811-13; *McAdams*, 151 Cal. App. 4th at 675 ("The class action is based on a single, specific, alleged material misrepresentation: Monier knew but failed to disclose that its color roof tiles would erode to bare concrete long before the life span of the tiles was up."); *see also Occidental Land, Inc. v. Superior Court*, 18 Cal. 3d 355, 358-59, 363 (1976) (permitting inference of common reliance in suit alleging developer provided written report to class of home purchasers that failed to include substantial costs). Plaintiff's allegations that a class of consumers, who may have seen all, some, or none of the advertisements that form the basis of Plaintiff's suit, does not allow an inference of common reliance or liability. *See Caro*, 18 Cal. App. 4th at 668 (1993); *Osborne*, 198 Cal. App.3d at 661. Furthermore, the Ninth Circuit has stated that a presumption of reliance typically is only permitted in securities fraud cases, and only in cases based on omissions as opposed to affirmative misrepresentations. *See Poulos*, 379 F.3d at 666.

The Court finds that with respect to Plaintiff's CLRA claims, questions common to all members of the proposed class do not predominate over questions affecting only individual members.

### c.   Unfair Competition Law and False Advertising Law Claims

The UCL, Cal. Bus. & Prof. Code, § 17200 et seq., states that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair,

---

[5] Plaintiff alleges that Defendant violated section 1770(a)(5) of the CLRA, which prohibits representing that goods have characteristics, uses, or benefits which they do not have. (Compl. ¶ 63.)

deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal Bus. & Prof. Code, § 17200.  The UCL prohibits anything that can properly be called a business practice and that at the same time is forbidden by law.  *See Albillo v. Intermodal Container Serv., Inc.*, 114 Cal. App. 4th 190, 206 (2003).  A plaintiff bringing suit under the UCL must "establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)." *Id.*

"Although the scope of the UCL is sweeping, it is not unlimited." *In re Firearm Cases*, 126 Cal. App. 4th 959, 979 (2005).  Because businesses must be able to know, to a reasonable certainty, what conduct California law prohibits and what it permits, a UCL claim must establish a causal link between a defendant's business practice and the alleged harm.  *See id.* at 981.

The FAL, Cal. Bus. & Prof. Code, § 17500 et seq., makes advertising products or services by "untrue or misleading" statements unlawful.  *See Brockey v. Moore*, 107 Cal. App. 4th 86, 98 (2003) (citing Cal. Bus. & Prof. Code § 17500).  Violations of the FAL are also unfair competition under the UCL.  *See id.*  A private plaintiff bears the burden of proof as to a false advertising claim under the UCL and the FAL.  *See Nat'l Council Against Health Fraud v. King Bio Pharm.*, 107 Cal. App. 4th 1336, 1344-46 (2003).

Proposition 64, a ballot initiative passed by California voters in November 2004, amended sections 17204 of the UCL and 17535 of the FAL so that standing for a private person is limited to "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition."  *See* Cal Bus. & Prof. Code §§ 17204, 17535.  It also amended section 17203 of the UCL and 17535 of the FAL such that a private person "may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of [Section 17204 or Section 17535] and complies with Section 382 of the Code of Civil Procedure [which specifies class action requirements]."  *See id.* §§ 17203, 17535.

Defendant argues that Proposition 64 added a requirement that a plaintiff must demonstrate that she relied upon allegedly false advertising when a private person brings suit under the UCL or FAL. Defendant further argues that pursuant to Proposition 64, each proposed class member in this suit must demonstrate reliance, and therefore the Court should conclude that individual issues predominate over common ones in Plaintiff's suit. Two California Appellate Court cases recently reached this conclusion in cases similar to the present case, *see Pfizer Inc. v. Superior Court*, 141 Cal. App. 4th 290, 295 (2006); *In re Tobacco II Cases*, 142 Cal. App. 4th 891, 900, but the California Supreme Court has granted review of both decisions. *See* 146 P.3d 1250.

Plaintiff concedes that post-Proposition 64 cases have found that a class representative must allege injury in fact and reliance, *see, e.g.*, *McAdams*, 151 Cal. App. 4th at 682, but disputes whether all absent class members must do the same. Plaintiff, relying on *McAdams*, argues that an inference of reliance may be applied to UCL claims alleging a material misrepresentation without showing individualized reliance. But *McAdams* made clear that it permitted an inference of reliance because of plaintiff's allegations that the defendant made a single, material misrepresentation specifically to each class member. *See id.* at 683 ("[T]he alleged misrepresentation underlying this class action comprises a single, specific misrepresentation of a particular fact, and the claims of all class members stem from this same source.") (quotation omitted). As stated above, the Court concludes that such an inference is not available in this case because Plaintiff's allegations depend on multiple sources of representations by Defendant that a large portion of the proposed class may not have ever been exposed to or relied upon. *See Caro*, 18 Cal. App. 4th at 668 (1993); *Osborne*, 198 Cal. App.3d at 661. This conclusion is bolstered by the language of Proposition 64, which states that one of the reasons for its enactment is to prevent the use of the UCL or FAL in situations where parties had not actually viewed the defendant's advertising. *See* 2004 Cal. Legis. Serv. Prop. 64, § 1(b)(3). Furthermore, the Ninth Circuit has stated that a presumption of reliance typically is only permitted in securities fraud cases, and only in cases based on omissions as opposed to affirmative misrepresentations. *See Poulos*, 379 F.3d at 666.

The Court finds that with respect to Plaintiff's UCL and FAL claims, questions common to all members of the proposed class do not predominate over questions affecting only individual members.

For the reasons stated above with respect to Plaintiff's misrepresentation, CLRA, UCL and FAL claims,[6] the Court finds that Plaintiff has failed to meet her burden of showing that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Accordingly, the Court denies Plaintiff's motion to certify the proposed class under Rule 23(b)(3).

### 2. Rule 23(b)(2)

A class action is proper where the party against whom relief is sought "has acted or refused to act on grounds generally applicable to a class of persons, thereby making appropriate declaratory or injunctive relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "Although the rule is silent as to this issue, . . . class actions certified under Rule 23(b)(2) are not limited to actions requesting only injunctive or declaratory relief, but may include cases that also seek monetary damages." *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003) (quotation omitted). However, "in order to permit certification under this rule, the claim for monetary damages must be secondary to the primary claim for injunctive or declaratory relief." *Id.* (citations omitted). In determining the applicability of Rule 23(b)(2), a district court must "examine the specific facts and circumstances of the case, focusing predominantly on the plaintiff's intent in bringing the suit." *Dukes*, 474 F.3d at 1234 . The important issue is whether the plaintiffs' primary goal in bringing their action was to obtain injunctive relief, not whether plaintiffs will ultimately prevail or the possible size of the damage award. *See id.* at 1234-35.

The Court concludes that under the specific facts and circumstances of this case, Plaintiff has failed to show that her primary goal in bringing this action was to obtain injunctive relief. Although the prayer for relief in the Complaint "prays that Defendant be

---

[6] The Court declines to address Plaintiff's warranty claims. Even if there are common questions regarding those claims, they would not predominate over the individual questions identified above.

06cv869

permanently enjoined from marketing Pantene Pro-V as products able to strengthen hair," the prayer for relief also repeatedly requests damages, including punitive damages. (Compl. at 13-14.)  The facts of this case are wholly unlike the facts of cases in which certification under Rule 23(b)(2) has been permitted despite the fact that damages were also sought. *Cf. Dukes*, 474 F.3d at 1235 (holding that logic supports the conclusion that the suit by current and former employees seeking to end employer's practice of gender discrimination would be primarily motivated by the desire to protect those class members that are suffering as they once did); *Molski*, 318 F.3d at 950 (concluding that primary goal of litigation and settlement agreement was to end practice of disability discrimination by owner and operator of service stations). Rather, this case is similar to *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001), in which the Ninth Circuit concluded that the award of monetary damages was the "essential goal" of a proposed class of purchasers of head lice remedies who sought to bring claims for violations of California's Magnuson-Moss Consumer Protection Act, breach of express warranty, fraud, false advertising, unfair competition, and violation of the CLRA. *See id.* at 860.

Accordingly, the Court denies Plaintiff's motion to certify the proposed class under Rule 23(b)(2).[7]

**D.    Appointment of Class Counsel**

Plaintiff requests the Court to appoint Ross, Dixon & Bell, L.L.P. as class counsel, pursuant to Federal Rule of Civil Procedure 23(g).  Since the Court is denying Plaintiff's motion to certify the proposed class, it declines to address the appointment of class counsel.

//

//

//

//

---

[7] Plaintiff argues that the Court should consider that damages are not recoverable under her UCL claim.  The Court notes that its decision to deny Plaintiff's request to certify the proposed class of consumers that purchased certain of Defendant's products is without prejudice to Plaintiff bringing a similar suit seeking only injunctive relief under the UCL.

**III.** **Conclusion**

For the reasons discussed above,  Plaintiff's Motion for Class Certification (Doc. # 51) is **DENIED**.  Defendant's Application for Leave to File Sur-Reply (Doc. # 70) is **DENIED** as moot.

DATED:  September 12, 2007

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

06cv869