FILED

08 MAR -4 PM 4:22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUYET TRAN GONZALEZ,<br><br>                        Plaintiff,<br>vs.<br>PROCTOR AND GAMBLE COMPANY,<br>an Ohio corporation,<br><br>                       Defendant. | CASE NO. 06cv869 WQH (WMc)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Voluntary Dismissal (Doc. # 80) filed by Plaintiff Tuyet Tran Gonzalez.

## Background

    On January 20, 2006, Plaintiff filed this action in the California Superior Court, County of San Diego. On April 12, 2006, Defendant removed the case to federal court in the Southern District of California.[1] (Doc. # 1).

    Plaintiff alleges that in or around 2002-2005, Plaintiff purchased Pantene Pro-V ("Pantene") products because "she was exposed to representations by Defendant that they were effective products for strengthening her hair." *SAC,* ¶ 2. Plaintiff alleges that the labeling on the Pantene packages, television commercials for Pantene and other promotions

---

[1] The case was originally before Judge Huff. On June 18, 2007, Judge Huff recused herself and the case was transferred to Judge Benitez. (Doc. # 68). On June 19, 2007, Judge Benitez recused himself and the case was transferred to Judge Hayes. (Doc. # 69).

1 made false and misleading claims that Pantene makes hair significantly stronger. *Id.* ¶ 3-5.
2 Plaintiff alleges that Pantene products do not actually strengthen hair, and that she and the
3 other members of the class would not have purchased Pantene products had they known
4 Defendant's representations were untrue. *Id.* ¶ 7, 8.

5       On August 1, 2006, Plaintiff filed a Motion for Leave to Amend the Complaint in
6 order to add class action allegations and to substitute a woman by the name of Shana
7 Hackett as the plaintiff. (Doc. # 20). The Motion for Leave to Amend stated that Plaintiff
8 Gonzalez "has indicated to her counsel that she wishes to withdraw from this litigation as a
9 class representative in federal court under CAFA, and requests another plaintiff be
10 substituted to act as class representative." *Mot. to Amend*, p. 2-3. The Court granted
11 Plaintiff's request to add class action allegations and denied Plaintiff's request to substitute
12 Shana Hackett as plaintiff. The Court concluded that the proposed substitution "would
13 amount to a new lawsuit" because Plaintiff sought to amend the Complaint to assert
14 different allegations of a different individual, and noted that the proper course would be for
15 Plaintiff to seek voluntary dismissal of the action and for Hackett to file her own lawsuit.
16 *Order Granting/ Denying Leave to Amend*, p. 4.

17       On October 10, 2006, Shana Hackett, John Rose, Darlene Harsh and Tiana Woods
18 filed a class action complaint (the "Hackett action") against Defendant (Case No.
19 06cv2272), which alleged that Pantene misrepresented that its products strengthen hair.
20 On January 12, 2007, Plaintiff Gonzalez filed a Motion to Consolidate her lawsuit and the
21 Hackett action. (Doc. # 40). The Court denied the Motion to Consolidate (Doc. # 45),
22 reiterating that the Hackett action and Plaintiff Gonzalez's action involve different products
23 and different allegations. *Order Denying Mot. to Consolidate*, p. 3.

24       On March 12, 2007, Plaintiff Gonzalez filed a Motion for Class Certification
25 pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Doc. # 51, 52). On
26 September 12, 2007, this Court issued an Order Denying Plaintiff's Motion to Certify
27 Class, finding that "Plaintiff's claim is not typical for the entire proposed class because the
28 evidence in the record shows that the product Plaintiff purchased was not the subject of the

1  specific hair strengthening claims during the proposed class period." (Doc. # 76). The
2  Court stated that "[t]his finding alone requires the Court to deny the Motion for Class
3  Certification." *Order Denying Mot. for Class Cert.*, p. 7.

4  On November 9, 2007, Plaintiff filed the Motion for Voluntary Dismissal, pursuant
5  to Rule 41(a) of the Federal Rules of Civil Procedure. (Doc. # 80). Plaintiff moves for an
6  order dismissing this action without prejudice.

7  On November 26, 2007, Defendant filed a Partial Opposition to the Motion for
8  Voluntary Dismissal. (Doc. # 81). Defendant does not oppose dismissing the action, but
9  moves for attorneys' fees and costs as a condition to voluntary dismissal. *Opposition*, p. 1.

10  On December 3, 2007, Plaintiff filed a Reply in Support of the Motion for Voluntary
11  Dismissal. (Doc. # 82). Plaintiff opposes any award of costs and fees, and moves for
12  voluntary dismissal with prejudice "[i]n the unlikely event" that the Court is inclined to
13  award fees and costs. *Reply*, p. 7.

### Discussion

15  Plaintiff contends that Defendant is not entitled to fees and costs because the work
16  done in her case is "equally applicable" in the Hackett action, there is no threat that
17  Plaintiff will bring a subsequent suit, Plaintiff would likely prevail on the merits of her
18  case, and Plaintiff pursued her claim in good faith because she reasonably believed she
19  asserted claims on behalf of a class that could be certified. *Mot. to Dismiss*, p. 6-7; *Reply*,
20  p. 3-4. Plaintiff moves to voluntarily dismiss this action without prejudice. *Mot. to
21  Dismiss*, p. 1. Alternatively, Plaintiff contends that fees and costs are not awardable upon
22  voluntary dismissal with prejudice, and requests voluntary dismissal with prejudice in lieu
23  of an award of costs and fees "[i]n the unlikely event that the Court was otherwise inclined
24  to award any fees" to Defendant. *Reply*, p. 7.

25  Defendant contends that the costs and fees it seeks to recover relate to discrete
26  matters that have no application to the Hackett case, that Plaintiff's claims never had any
27  chance of success, and that Plaintiff is seeking dismissal at a late state of the proceedings,
28  despite Plaintiff advising the Court in August 2006 that she "she wishes to withdraw from

this litigation as a class representative in federal court under CAFA." *Opposition,* p. 6-8. Defendant requests that the Court condition any voluntary dismissal on Plaintiff paying $25,869.60 in attorneys' fees for the unnecessary tasks of opposing the Motion for Leave to Amend the Complaint, opposing the Motion to Consolidate, and deposing Plaintiff twice; $4,603.87 in costs for the court reporter, translator and interpreter used for Plaintiff's depositions; and $8,617.00 in costs for copies of documents produced for Plaintiff pursuant to Plaintiff's document requests. *Id.* at 4-5, 8.

Rule 41(a) of the Federal Rules of Civil Procedure governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. § 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is "within the sound discretion of the trial court and may be reviewed only for abuse of that discretion." *Id.*

A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Phillips v. Illinois Central Gulf Railroad,* 874 F.2d 984, 986 (9th Cir. 1989). The Ninth Circuit interprets "legal prejudice" to mean "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996).

To protect the defendant's interests, the court can condition a dismissal upon the payment of "appropriate costs and attorney fees." *Westlands Water Dist.,* 100 F.3d at 97; *see* Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper"). The court's imposition of fees and costs is discretionary. *Id.* at 97. Costs and fees "are often imposed upon a plaintiff who is granted a voluntary dismissal" under Rule 41(a), although not a "prerequisite to an order granting voluntary dismissal." *Stevedoring Services of America v. Armilla Int'l B.V.,* 889

1  F.2d 919, 921 (9th Cir. 1989). Courts in this circuit consider a variety of factors in
2  deciding whether to award costs and fees including any "excessive and duplicative
3  expense" of a second litigation, the effort and expense incurred by defendant preparing for
4  trial, the extent to which the litigation has progressed, the plaintiff's diligence in moving to
5  dismiss, whether awarding costs would discourage plaintiffs from seeking early dismissal
6  of their actions and instead encourage them to take their chances at trial, and whether the
7  imposition of attorneys' fees would produce an "anomalous result" where defendants could
8  not recover fees if they prevailed at trial. *Stevedoring*, 889 F.2d at 920-21; *Williams v.*
9  *Peralta*, 227 F.R.D. 538, 540 (N.D. Cal. 2005); *see also* 8-41 *Moore's Federal Practice,*
10 *Civil* § 41.40(10)(d) (2005).

11      An award of costs and attorneys' fees should generally be denied if the voluntary
12 dismissal is granted with prejudice. *See Burnette v. Godshall*, 828 F. Supp. 1439 (N.D.
13 Cal. 1993) ("[s]ince the . . . cause of action has been dismissed with prejudice, costs and
14 attorneys' fees cannot be awarded to Defendants because there is no future risk of
15 litigation"). A plaintiff faced with the imposition of attorneys' fees and costs as a condition
16 of voluntary dismissal may request that the action be dismissed with prejudice to avoid
17 payment. *See Horton v. TWA Corp.*, 169 F.R.D. 11 (E.D.N.Y. 1996); *see also* 8-41
18 *Moore's Federal Practice, Civil* § 41.40(10)(d)(viii) (2005). The *Horton* court stated:

> [T]he plaintiff has made clear his preference to dismiss this action with prejudice . . . in lieu of an assessment of costs and attorneys' fees. The plaintiff has an option not to go forward with a dismissal if the conditions specified by the court seem too onerous. If the plaintiff moves under Rule 41(a)(2) for voluntary dismissal, specifically requesting dismissal with prejudice, it has been held that the district court must grant that request. In the case at bar, the plaintiff expressly requested that this action be dismissed with prejudice should the Court be inclined to award attorney's fees and costs against him in connection with a dismissal without prejudice. Accordingly, the Court is constrained to comply with the plaintiff's election . . . and therefore the dismissal of the [action] shall be entered with prejudice, and without the imposition of any costs or attorney's fees.

26 169 F.R.D. at 19.

27      Neither party asserts that voluntary dismissal will result in legal prejudice. The
28 Court concludes that voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of

Civil Procedure will not result in "prejudice to some legal interest, some legal claim, some legal argument." *See Westlands Water Dist.*, 100 F.3d at 96.

The expenses Defendant seeks to recover arose from discrete tasks that were largely unrelated to the underlying merits of Plaintiff's claim and unlikely to be applicable to the Hackett action or any subsequent litigation between Plaintiff and Defendant. Plaintiff was not diligent in filing the Motion for Voluntary Dismissal, which was filed nearly two years after commencing the action, over a year after Plaintiff stated she no longer wished to serve as the plaintiff in this lawsuit, and after the discovery cut-off in the matter had passed. Awarding fees and costs would not discourage plaintiffs from seeking early dismissal in other actions because the Motion for Voluntary Dismissal was not filed at an early stage of the proceedings. The Court finds that the factors considered in this circuit to determine whether the exercise of discretion to award costs fees as a condition of granting voluntary dismissal weigh in favor of awarding costs and fees. However, Plaintiff explicitly states that "[i]n the unlikely event the Court was otherwise inclined to award any fees to [Defendant], Plaintiff requests dismissal of this case with prejudice." *Reply*, p. 7. Plaintiff has clearly indicated her preference to "dismiss the action with prejudice . . . in lieu of an assessment of costs and attorneys' fees." *See Horton*, 169 F.R.D. at 20. In light of Plaintiff's express request, the Court declines to exercise its discretion to award Defendant's fees and costs and instead will grant voluntary dismissal with prejudice. *See id.*

## Conclusion

The Motion for Voluntary Dismissal (Doc. # 80) is **GRANTED**. The above-captioned action is **DISMISSED with prejudice.**

DATE: 3/4/08

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE